IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MIKA O'TOOLE, Independent Administrator of the Estate of TYLER JAMES O'TOOLE, via the Circuit Court County Illinois, Probate Division, Deceased | ) ) ) ) | CASE NUMBER: 1:23-cv-00307 JUDGE: DAVID A. RUIZ |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

**MOTION TO DISMISS COMPLAINT WITHOUT PRJEUDICE AND WITHOUT EFFECT ON THE "DOUBLE DISMISSAL RULE" PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2)**

Now comes Plaintiff, by and through undersigned counsel, and herby files this Motion to Dismiss her Complaint without prejudice and without effect on the "Double Dismissal Rule," pursuant to Federal Rule of Civil Procedure 41(a)(2).

Plaintiff Mika O'Toole filed a Complaint for monetary damages pursuant to the Federal Tort Claims Act on September 22, 2022, on behalf of herself and the Estate of her late son Tyler O'Toole in case number 1:22-cv-01704 (hereinafter "the first case"). *See Court docket in case number 1:22-cv-0174*. She was properly appointed the Administrator of the Estate of Tyler on July 27, 2021, in Cuyahoga County, Ohio. Said Complaint asserted various claims against the Government for the tragic and untimely death of her late son Tyler while in their custody. The Government did not answer the Complaint in the first case nor file a motion under Rule 12(b), (e), or (f). The Government, however, filed a motion to transfer venue of the Complaint in the first case pursuant to 28 U.S.C.

§1404. Plaintiff opposed the motion and filed a brief in opposition with the Court. The motion, however, contained several arguments, completely irrelevant to the motion to transfer venue, regarding the validity of the Estate of Tyler O'Toole and the letters of authority. The arguments, essentially, were that the Estate should have been opened in Illinois rather than Ohio. The Ohio Probate Court disagreed. Plaintiff's counsel reached out to counsel for the Government and provided a wealth of documents and exhibits indicating the Estate was properly opened in Ohio. These documents and exhibits included the fact that decadent's vehicle was insured in Ohio, his income and tax documents came to Ohio, his bank account was in Ohio, any address in Illinois was only a temporary hotel address, he was registered to Vote in Ohio, he had Medicaid insurance in Ohio, he had an Ohio driver's license, and his death certificate list Ohio as his residence. Counsel asked that the Government to stipulate to this obvious fact in order to avoid unnecessary filings, but the Government refused.

Plaintiff maintains the Estate was properly opened in Ohio and there is no need to open any type of estate in Illinois. Out of an abundance of caution, however, and given the fact that the statute of limitations was set to expire on February 17, 2023, Plaintiff opened an ancillary estate in Illinois and filed a Motion to Amend her Complaint and an Amended Complaint in the first case. *See Court docket in case number 1:22-cv-0174*. With February 17th approaching and no ruling from the Court on the Motion to Amend, Plaintiff filed a Complaint, similar to her Amended Complaint in the first case, in this case (case number 1:22-cv-0174), out of an abundance of caution (hereinafter "the second case"). Within hours of filing the Complaint in the second case, however, this Court granted Plaintiff's Motion to Amend her Complaint in the first case and related it back to February 10, 2023. This obviated the need for the Complaint in the second case.

2

Plaintiff, therefore, files this Motion to Dismiss her Complaint in the second case without prejudice and without effect on the "Double Dismissal Rule," pursuant to Federal Rule of Civil Procedure 41(a)(2).

Federal Rule of Civil Procedure 41(a)(2) states, in pertinent part,

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can re- main pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Defendant has not filed an answer to the Complaint in the second case, nor a motion in response to the Complaint in the second case, nor filed a counterclaim in the second case. Plaintiff files this Motion to Dismiss the Complaint in the second case and it should be dismissed without prejudice and with no effect on the "double dismissal" rule. There are no reasons not to do so. By its terms Federal Rule of Civil Procedure 41(a)(2) states "a dismissal under this paragraph (2) is without prejudice." Moreover, "By its own clear terms the `two dismissal' rule applies only when the second dismissal is by notice under Rule 41(a)(1). It does not apply to a dismissal by stipulation nor to an involuntary dismissal nor to dismissal by court order under Rule 41(a)(2)." *Sutton Place Dev. Co. v. Abacus Mortg. Inv. Co.,* 826 F.2d 637, 640 (7th Cir. 1987) (quoting 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2368, at 188 (1971)).

WHEREFORE, The Complaint in this second case should be dismissed without prejudice and without effect on the "double dismissal" rule. In other words, upon dismissal of the Complaint in this second case Plaintiff's ability to have the first case dismissed without prejudice under Federal Rule 41(a), should the need arise, would not count as a second dismissal.


Respectfully submitted,

*/s/ Thomas Robenalt*
THOMAS D. ROENALT (#0055960)
JOHN P. COLAN (OHIO #0081778)
**THE ROBENALT LAW FIRM, INC.**
23550 Center Ridge Road, Suite 103
Westlake, Ohio 44145
Phone: (216) 223-7535
Fax: (216) 307-2352
Email:trobenalt@robenaltlaw.com
          jcolan@robenaltlaw.com

*Attorneys  for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically via the Court's electronic filing system and sent by electronic mail, on February 21st, 2023 to the following:

Cara L. Staley Rafferty
Kimberly L. Lubrani
Assistant U.S. Attorneys
Carl B. Stokes U.S. Courthouse
801 West Superior Avenue, Suite 400
Cleveland, OH 44113-1852
Email:  Cara.staley.rafferty@usdoj.gov
         Kimberly.lubrani@usdoj.gov

*/s/ Thomas Robenalt*
THOMAS D. ROENALT (#0055960)
JOHN P. COLAN (OHIO #0081778)
**THE ROBENALT LAW FIRM, INC.**

*Attorneys for Plaintiff*